IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SHELDON PETERS WOLFCHILD, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>JEFFREY ARNOLD KITTO , et al.<br><br>    Intervenors. | **CASE NO. 03-2684L**<br><br>**Judge Charles F. Lettow**<br><br><br>**JEFFREY ARNOLD KITTO, et al's<br>BRIEF IN SUPPORT OF THEIR<br>MOTION TO INTERVENE** |

## INTRODUCTION

On January 24, 2007, Jeffrey Arnold Kitto, et al. ("Kitto et al") served a Motion to Intervene and Complaint in Intervention pursuant to RCFC 24(a). The Plaintiffs listed in Kitto et al's Motion are all lineal descendants of Joseph Graham who is listed on the May 20, 1886, Census. Kitto et al alleged in their Motion that (1) the applicants' claim an interest relating to the property or transaction which is the subject of this action and that they are lineal descendants of a person (Joseph Graham) appearing on the 1886 Census as supplemented by the 1889 Census [1]; and they are therefore beneficiaries of the 1886 Lands held in trust by the United States [2]; (2) the applicants are so situated that the disposition of the action may as a practical matter impair or impede the applicants' ability to protect that interest as this Court has set a deadline of July 12, 2006, to intervene as Plaintiffs; and (3) the applicants' interests are not adequately represented by existing

---

[1] *"Wolfchild I"* 62 Fed Cl., 521, (2004)

[2] *"Wolfchild II"* 68 Fed Cl. 779, (2005).

parties. Each individual beneficiary must be identified. To be so identified applicants must be admitted as Plaintiffs and allowed to submit evidence establishing their lineal descendancy.

## BRIEF AND ARGUMENT

In order to intervene as a matter of right, Kitto et al must meet the four requirements of RCFS 24(c) which are as follows:

1. *The applicant must timely move to intervene.* Kitto et al's Motion to Intervene was not filed by the Court's deadline for filing such motions to add Plaintiffs of July 12, 2006. However, there is "good cause" as to why their Motion to Intervene wasn't filed by July 12, 2006, as follows[3]:

   A. Gordon E. Kitto Family

   1.. The Gordon E. Kitto family are descendants of Joseph Graham (Kahboke) who is on the 1886 Census.[4]

   2. On April 10, 2006, Cora L. Jones and Jeffrey A. Kitto as representatives of the Gordon E. Kitto family, submitted documents and papers (Birth Certificates and Fee Contracts) to participate in the Wolfchild, et al., v. United States litigation to the Mohrman & Kaardal law firm (Exhibit A attached).

   3. During the period of time from April 10, 2006, to July 12, 2006, representatives of the Gordon E. Kitto family or members of the Gordon E. Kitto family were not contacted about the status of their application by the Mohrman & Kaardal law firm. Certain of the representatives who are the spokespersons of the Gordon E. Kitto family did attempt to contact the Mohrman & Kaardal firm from April 10, 2006 to July 12, 2006 but were not

---

[3]. There are four different families that are descendants of Joseph Graham included in this motion as follows: A. Gordon E. Kitto Family (JEFFERY ARNOLD KITTO-ZACHARY LEE PERSON in caption); B. Joseph E. Kitto Family (MARY LOUISE KITTO MOUSSEAU-ABIGAIL KATERI in caption); C. Luther Kitto Family (RICO L. KITTO-SIRUS LEO KITTO in caption) and D. Opal Kitto Bisson Family (MARTIN JOSEPH BISSON-CATLIN ROSE HELM in caption.

[4] Joseph Graham a/k/a Kahboke is listed on the 1886 Census. The four families in this motion are descendants of Ellen P. Kitto who was a great granddaughter of Joseph Graham. Ellen P. Kitto's mother was Mazakayewin, who's father (Ellen's grandfather) was Wicanhpitanka. Wicanhpitanka was a son of Joseph Graham a/k/a Kahboke

2

provided information regarding the status of their application. See affidavits of Jeffrey A. Kitto-Cora L. Jones-Curtis M. Kitto & Myles Jones attached as Exhibit B)

4. After July 12, 2006, , members of the Gordon E. Kitto family began receiving **NOTICE OF NON-REPRESENTATION** forms (postmarked July 14, 2006) from Mohrman & . Kaardal ( Exhibit C attached-Notice to Jeffrey A. Kitto).

5.. These Intervenor/Plaintiffs were unable to meet the deadline set by the Court because they did not receive **NOTICE OF NON-REPRESENTATION** by the Mohrman & Kaardal firm until after the July 12, 2006, deadline.

6. These Intervenor/Plaintiffs did not move to intervene earlier because the Mohrman & Kaardal firm did not file a motion to add them as Plaintiffs after receiving documents and papers to participate (shortly after April 10, 2006) but rather sent them **NOTICE OF NON-REPRESENTATION** (Exhibit B) dated July 12, 2006, and not received by a member of the Gordon E. Kitto family until after July 14, 2006.. After receipt of the **NOTICES OF NON-REPRESENTATION** spokespersons for the family then begin the task of finding an attorney to represent them in this case. This time consuming process required reassembly of the documentation previously submitted including the documentation and proof of why they are descendants of Joseph Graham on the 1886 Census, Birth Certificates, and fee contracts for a new lawyer.

7.. Allowance of this Motion to Intervene of these Intervenors will not cause undue delay nor will it cause any prejudice to the present Plaintiffs or Defendants in that there has not been an Early Meeting of Counsel nor a Joint Preliminary Status Report filed in this case.

B. Joseph E. Kitto Family

1.. The Joseph E. Kitto family are descendants of Joseph Graham (Kahboke) who is on the 1886 Census.

2. On April 20, 2006, Mary Lou Kitto-Mousseau as representative of the Joseph E. Kitto family, submitted documents and papers to participate in the Wolfchild, et al., v. United States litigation to the Mohrman & Kaardal law firm . (Exhibit F)

3. During the period of time from April 20, 2006, to July 12, 2006, representatives of the Joseph E. Kitto family or members of the Joseph E. Kitto family were not contacted about the status of their application by the Mohrman & Kaardal law firm.

4. After July 12, 2006, , members of the Joseph E. Kitto family began receiving **NOTICE OF NON-REPRESENTATION** forms from Erick G. Kaardal (Same as Exhibit C Except Addressed to different person).

5.. These Intervenor/Plaintiffs were unable to meet the deadline set by the Court because they did not receive **NOTICE OF NON-REPRESENTATION** by the Mohrman & Kaardal firm until after the July 12, 2006, deadline

6. These Intervenor/Plaintiffs did not move to intervene earlier because the Mohrman & Kaardal firm did not file a motion to add them as Plaintiffs after receiving documents and papers to participate (shortly after April 20, 2006) but rather sent them **NOTICE OF NON-REPRESENTATION** (Exhibit C) dated July 12, 2006, and not received by a member of the Joseph E. Kitto family until after July 12, 2006.

7. Allowance of this Motion to Intervene of these Intervenors will not cause undue delay nor will it cause any prejudice to the present Plaintiffs or Defendants in that there has not been an Early Meeting of Counsel nor a Joint Preliminary Status Report filed in this case.

A. Luther Kitto Family

1.. The Luther. Kitto family are descendants of Joseph Graham (Kahboke) who is on the 1886 Census.

2. In early June of , 2006 prior to the June 23, 2006 deadline Rico L. Kitto and Rochelle Kitto Whipple as representative of the Luther Kitto family, submitted documents and papers to participate in the <u>Wolfchild, et al., v. United States</u> litigation to the Kettering Law Firm in Yankton, South Dakota.

3. During the period of time from early June 2006 , to July 12, 2006, representatives of the Luther. Kitto family or members of the Luther . Kitto family were not contacted about the status of their application by the Kettering law firm.

4. After July 12, 2006, , certain members of the Luther . Kitto family began receiving **NOTICE OF NON-REPRESENTATION** forms from Mohrman & Kaardal l (Same as Exhibit C Except Addressed to different person).

5. These Intervenor/Plaintiffs were unable to meet the deadline set by the Court because they did not receive **NOTICE OF NON-REPRESENTATION** by the Mohrman & Kaardal\Kettering Firm until after the July 12, 2006, deadline

6. These Intervenor/Plaintiffs did not move to intervene earlier because the Mohrman & Kaardal\Kettering Firm did not file a motion to add them as Plaintiffs after receiving documents and papers to participate (early June, 2006) but rather sent them **NOTICE OF NON-REPRESENTATION** (Exhibit C) dated July 12, 2006, and not received by a member of the Luther Kitto family until after July 12, 2006.

4

7. Allowance of this Motion to Intervene of these Intervenors will not cause undue delay nor will it cause any prejudice to the present Plaintiffs or Defendants in that there has not been an Early Meeting of Counsel nor a Joint Preliminary Status Report filed in this case.

D. Opal Kitto Bisson Family:

1. The Opal Kitto Bisson family are descendants of Joseph Graham (Kahboke) who is on the 1886 Census.

2. In April of 2006 prior to the then original deadline for filing of April 28, 2006 Carri Jo Bisson, Martin Joseph Bisson, Heather Victoria Bisson-Dale, and Renee Marie Lunemann as representatives of the Opal Kitto Bisson family submitted documents and papers to participate in the Wolfchild, et al. v. United States litigation to the Mohrman & Kaardal law firm. See Exhibit D-Statements of Carrie Jo Bisson, Martin Joseph Bisson, Heather Victoria Bisson-Dale and Renee Marie Lunemann listing when and what was sent to Mohrman & Kaardal plus other facts relevant to a showing of "good cause" namely:

3. That they instructed the Mohrman & Kaardal firm that their birth certificates were to be added to the documents previously delivered to that firm by Cora Jones of the Gordon E. Kitto family regarding their lineal descent from the Joseph Graham who was on the 1886 Census.

4. During the period of time from early mid-April to July 12, 2006 representatives of the Opal Kitto Bisson family or members of the Opal Kitto Bisson family were not contacted about the status of their application by the Mohrman & Kaardal firm (See Statements in Exhibit C).

5. After July 12, 2006 certain members of the Opal Kitto Bisson family began receiving **NOTICE OF NON-REPRESENTATION** forms from Mohrman & Kaardal[1] (Same as Exhibit C Except Addressed to different person)

6. These Intervenor/Plaintiffs were unable to meet the deadline set by the Court because they did not receive **NOTICE OF NON-REPRESENTATION** by the Mohrman & Kaardal/Kettering Firm until after the July 12, 2006 deadline.

7. These Intervenor/Plaintiffs did not move to intervene earlier because the Mohrman & Kaardal/Kettering Firm did not file a motion to add them as Plaintiffs after receiving documents and papers to participate (mid-April, 2006) but rather sent them **NOTICE OF NON-REPRESENTATION** (Exhibit C) dated July 12, 2006 and not received by a member of the Opal Kitto Bisson family until after July 12, 2006.

8. Allowance of this Motion to Intervene of these Intervenors will not cause undue delay nor will it cause any prejudice to the present Plaintiffs or Defendants in that there has not been an Early Meeting of Counsel nor a Joint Preliminary Status Report filed in this case.

2. *Interest in the Subject of the Action.* An applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings such that the intervenor would "either gain or lose by the direct legal operation and effect of the judgment." American Maritime Transport, Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989). In this litigation, the ultimate issue is whether the Plaintiffs are entitled to compensation for the United States' breach of its trust obligations to the loyal Mdewakanton and their descendants through actions taken upon enactment of the 1980 Act. See Karkuk Tribe of California v. United States, 28 Fed. Cl 694, 697 (July 1993). Since they are lineal descendants of a person on the May 20, 1886, Census, representation of Kitto et al's interest in this litigation would not be possible without allowing them to intervene as Plaintiffs.

3. *Is Kitto et al so situated that the disposition of this litigation may as a practical matter impair or impede their ability to protect their interest?* Simply but, unless a party is added as a Plaintiff in this case they would not be entitled to recovery of damages if a judgment for damages is rendered. This Court in Kalmath Irrigation District, et al v. United States, 64 Fed. Cl. 328, 330 (Feb. 2005), stated: "courts interpreting the newer version of Rule 24(a)(2) generally have concluded that "the requirements for intervention as to be construed in favor of intervention." American Maritime Transport, Inc., at page 1561. "The potential for a negative *stare decisis* effect may supply that practical disadvantage which warrants intervention of right" (quoting Chiles v. Thornburgh, 865 F.2d 1197, 1214 [11th Cir. 1989]). The practical effect of not allowing Kitto et al to intervene and put forth their proof of lineal descendancy of Joseph

6

Graham on the 1886 Census would be to close the door on their ability to recover benefits from the United States' breach of its trust obligation to the loyal Mdewakanton loyalists and their descendants.

   4. *Kitto et al's interest are not adequately represented by existing parties.* Kitto et al's interest are not adequately represented by existing parties because (1) the existing parties will not be making the argument that the Kitto et al Plaintiffs are lineal descendants of Joseph Graham on the May 20, 1886, Census; (2) the existing parties are not willing to make the argument that Kitto et al Plaintiffs are lineal descendants of the Joseph Graham on the May 20, 1886, Census; and (3) proposed intervenors Kitto et al will offer the necessary elements proving they are lineal descendants of Joseph Graham on the May 20, 1886, Census which other parties would neglect. This application for intervention and existing parties do not have the same ultimate objective of offering proof that the Kitto et al Plaintiffs are lineal descendants of Joseph Graham.

   In a 2003 9th Circuit decision, <u>Akakaki v. Cayetano</u>, 324 F.3d 1078, 1086 (9th Cir. 2003), the Court stated: "This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. (Citing <u>California v. Tahoe Reg'l Planning Agency</u>, 792 F.2d 775, 778 [9th Cir. 1986].) Also at 1086 the <u>Akakaki</u> Court stated "The most important factor in determining the adequacy of representation is how the interest compares with the interest of existing parties. (Citing 7C *Wright, Miller & Kane* §1909, at 318 [1986].) When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation exists (citing <u>League of United Latin Citizens</u>, 131 F.3d at 1305).

7

Applying the factors listed in <u>Akakaki</u>, the Kitto et al interests are not adequately represented because the existing parties are not planning on putting forth proof that they are lineal descendants of Joseph Graham on the May 20, 1886, Census.

## CONCLUSION

The Court should grant Kitto et al's Motion to Intervene because (1) the Motion was timely made; (2) Kitto et al has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) they are situated such that the disposition of the action would impair or impede their ability to protect their interest; and (4) their interest is not adequately represented by existing parties. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 409 (9th Cir. 1998).

Dated this 24th day of January, 2007.

RAWLINGS, NIELAND, PROBASCO, KILLINGER,
ELLWANGER, JACOBS & MOHRHAUSER, L.L.P.

By: /s/ Sam S. Killinger
SAM S. KILLINGER, #AT0004150
522 4th Street, #300
Sioux City, IA 51101
Telephone: 712/277-2373
Fax: 712/277-3304
E-Mail: skillinger@rawlingsnieland.com

ATTORNEYS FOR INTERVENORS

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2007, I directed that the foregoing **JEFFREY ARNOLD KITTO, ET AL'S BRIEF IN SUPPORT OF THEIR MOTION TO INTERVENE** be sent by Electronic Mail, to each of the following:

8

- **James Lawrence Blair**
  jblair@rcdmlaw.com
- **Lawrence Herman Crosby**
  lhcrosby@uslink.net
- **Royce Deryl Edwards, Jr**
  rde417@hotmail.com
- **Nicole Nachtigal Emerson**
  nemerson@lynnjackson.com
- **Wood R. Foster, Jr**
  woodfoster@sbgdf.com
- **Garrett J. Horn**
  ghornlaw@iw.net
- **Scott Allen Johnson**
  scott@jlgleg.com
- **Erick Gregg Kaardal**
  kaardal@mklaw.com
- **Sam S. Killinger**
  skillinger@rawlingsnieland.com
- **Larry B. Leventhal**
  lleven6001@aol.com
- **Eric J. Magnuson**
  emagnuson@riderlaw.com
- **Laura M. L. Maroldy**
  laura.maroldy@usdoj.gov
- **Philip William Morgan**
  pmorgan@brittonsd.com
- **Brian L. Radke**
  bradke@aol.com
- **Bernard Joseph Rooney**
  bjroo@yahoo.com
- **Kelly Hope Stricherz**
  kstriche@mchsi.com

- **Randy V. Thompson**
  rthompson@nmtlaw.com
- **Creighton A. Thurman**
  thurmanlaw@iw.net
- **Robin Leonard Zephier**
  zephr1@rushmore.com

and the following were sent the foregoing **JEFFREY ARNOLD KITTO, ET AL'S BRIEF IN SUPPORT OF THEIR MOTION TO INTERVENE** by regular U.S. Mail, postage pre-paid on the 24th day of January, 2007, at their last known addresses:

Philip Merle Baker-Shenk
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006

FRANCIS ELAINE FELIX
P.O. Box 141232
Minneapolis, MN 55414

THOMAS HAYES
8642 R Plaza
#2
Omaha, NE 68127

Douglas R. Kettering
Kettering Law Office
P. O. Box 668
714 Douglas Avenue
Yankton, SD 57078

Jack E. Pierce
Pierce Law Firm, P.A.
6040 Earle Brown Drive
Suite 420
Minneapolis, MN 55430

Ron J. Volesky
356 Daktoa Avenue, South
Huron, SD 57350-2513

Elizabeth Troy Walker
Walker Associates
127 South Fairfax Street
Suite 126
Alexandria, VA 22314-3301

/s/ Sam S. Killinger